Rakesh **CHAND;** et al., **Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–75083.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Patrick O. Cantor, Esq., Buttar & Cantor, LLP, Tukwila, WA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Eileen T. McDonough, Esq., DOJ—U.S. Department of Justice, Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM **

Rakesh Chand and Sneh Chand, husband and wife, and their two children,

Paval Radhika Chand and Komal Karishma Chand, are natives and citizens of Fiji. They petition for review of the Board of Immigration Appeals' ("BIA") decision adopting and affirming the Immigration Judge's ("IJ") denial of both Rakesh and Sneh's independent applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA cites its decision in *Matter of Burbano,* 20 I. & N. Dec. 872 (BIA 1994), and does not express disagreement with any part of the IJ's decision, the BIA adopts the IJ's decision in its entirety. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005) (en banc). We review for substantial evidence, *Kataria v. INS,* 232 F.3d 1107, 1112 (9th Cir.2000), and we grant the petition in part, deny it in part, and remand.

■ With respect to Sneh's claim, substantial evidence does not support the IJ's finding that Sneh was not credible based on her failure to expressly mention in her asylum application that the police raped her. *See Paramasamy v. Ashcroft,* 295 F.3d 1047, 1053 (9th Cir.2002); *see also Kebede v. Ashcroft,* 366 F.3d 808, 811 (9th Cir.2004). She attached her husband's declaration to her asylum application which did allude, albeit indirectly, to the incident. Therefore, we grant the petition and remand for further proceedings on Sneh's asylum and withholding claims. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

■ With respect to Rakesh's claim, substantial evidence supports the IJ's finding that even assuming Rakesh suffered past persecution, his fear of future perse-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cution has been rebutted because country reports indicate that conditions for ethnic Indians in Fiji have substantially improved, Rakesh testified several times that he did not fear returning to Fiji, and he returned to Fiji after at least sixteen trips abroad between 1987 and 1994. *See Kumar v. INS,* 204 F.3d 931, 934 (9th Cir. 2000); *see also Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000). Because Rakesh lacks a well-founded fear of future persecution, his withholding of removal claim necessarily fails. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Substantial evidence also supports the IJ's denial of Rakesh's humanitarian asylum claim. *See Kumar,* 204 F.3d at 934–35.

Finally, Paval Chand is a rider on both parents' applications. Because Paval's status has been adjusted, and she is currently a lawful permanent resident of the United States, we dismiss her claim as moot. *See Murphy v. Hunt,* 455 U.S. 478, 481–82, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982).

Accordingly, we grant the petition for review in part, deny in part, and remand the case to the BIA for further proceedings consistent with this disposition. *See Ventura,* 537 U.S. at 16–18, 123 S.Ct. 353.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; and REMANDED.**